[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on June 27, 1992 at Oxford, Connecticut. Both parties have resided continuously in this state since the date of their marriage. There are no minor children issue of the marriage.
The evidence presented at trial has established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the statutory criteria as set forth in §§ 46b-81, 46b-82 and 46b-62 Conn. General Statutes in reaching the decisions reflected in the orders that follow.
This is a marriage of approximately five years. The plaintiff is 39 years of age and in good health. This is her first marriage. The defendant is 54 years of age and in good health. CT Page 7683 This is his second marriage. The plaintiff is a cost accountant, earning approximately $37,000 per year. She has a 401(k) valued at approximately $28,000. The defendant earned approximately $62,000 in 1996 including bonuses paid on a monthly basis. He has been employed by the same company for approximately 24 years. He has a 401(k) and IDS American Express Trust IRA totaling $159,736.
During the course of this marriage, the defendant's father transferred to the defendant the total sum of approximately $41,560 as part of the father's estate planning. The defendant turned the checks over to the plaintiff who deposited them in a joint savings account set up for this purpose. When the plaintiff vacated the marital apartment, she placed this account solely in her name. The plaintiff wife has used up approximately $21,000 of these funds for attorney's fees, medical bills, credit card debt, car payments and other personal expenses. The wife wishes to retain the balance of this account, in effect, the full amount, while the husband requests the return of the full amount of $41,560. There is no real estate. The defendant also has a joint savings account with his father with a balance of $32,000. This account was not listed on his financial affidavit.
The parties set up a business-type arrangement for the payment of their rent and household bills. Although the defendant's income was substantially higher than the plaintiff's, the parties each contributed an equal amount for these house expenses.
The plaintiff put the defendant's two children from a prior marriage on her health insurance at an additional cost to the plaintiff of $60 per month.
The plaintiff claims the defendant was insensitive to her needs. The defendant claims he still loves the plaintiff and does not wish to be divorced. The parties went to counseling but without success.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The following orders shall enter:
1. The defendant is awarded the sum of $20,000 from the CT Page 7684 savings account presently held by the plaintiff.
2. The plaintiff shall be entitled to the personal property as set forth in her list, Plaintiff's Exhibit 2, except for the server, which shall be returned to the defendant.
3. The plaintiff shall be entitled to her personal possessions in the basement, including photographs and albums, Christmas decorations, and sports equipment.
4. The defendant shall retain the remaining items of personal property in his possession, which appears to be substantial, as set forth in Plaintiff's Exhibit 1.
5. The plaintiff is granted a change of name to Carolyn Molloy.
6. The defendant shall be entitled to his pension.
7. The plaintiff shall return to the defendant, as conservator, the sum of $1400 which monies belong to the defendant's aunt.
8. Neither party claimed alimony and none is awarded.
9. No counsel fees are awarded to either party.
Coppeto, J.